# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERMAN ESCOBAR-ZUNIGA,**

      **Petitioner,**

**v.**                          **Civil Action No. 1:14cv124**
                                        **(Judge Keeley)**

**RUSSELL PURDUE, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

## I.  BACKGROUND

On July 22, 2014, Petitioner filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On September 23, 2014, he paid the $5.00 filing fee.  The petitioner is a federal inmate who is housed at USP Hazelton and is challenging the validity of his conviction and sentence arising out of the United States District Court for the Eastern District of Virginia.  This matter is pending before the undersigned for a Report and Recommendation.

## II.  FACTS[1]

On January 11, 2012, Petitioner was charged in a Superseding Indictment with: (1) Conspiracy to Commit Robbery Affecting interstate commerce in violation of 18 U.S.C. § 1951; (2) three counts of Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 2 and 1951; (3) and three counts of Using a Firm During a Crime of Violence, in violation of 18 U.S.C. §§2 and 924 (c)(1)(A).  The Superseding Indictment also included notice that, if convicted of conspiracy and robbery, Petitioner would be required to forfeit all property constituting the proceeds of those

---

[1]The facts are taken from Petitioner's criminal case available on PACER. 1:11-cr-00543-AJT-1, Eastern District of Virginia (Alexandria).

violations, pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. 2461(c).It further notified Petitioner that, if convicted of using a firearm in a crime of violence, he would be required to forfeit any firearms or ammunition involved in or used in such a violation, pursuant to 18 U.S.C. 924(d)(1).

On March 12, 2012, Petitioner pleaded guilty to Counts Seven and Eight of the Superseding Indictment, charging Petitioner with using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. The maximum penalties for Count Seven included a mandatory minimum term of imprisonment of seven years, and a maximum of life, a fine of $250,000, full restitution, a special assessment, and five years of supervised release. The maximum penalties for Count Eight included a mandatory minimum term of imprisonment of twenty-five years, consecutive to Count Seven, and a maximum of life, a fine of $250,000, full restitution, a special assessment, and 5 years of supervised release.

On June 15, 2012, the Court sentenced Petitioner to 384 months imprisonment, the mandatory minimum and 5 years of supervised release. The court also ordered Petitioner to pay restitution in the amount of $98,090 and a special assessment of $200. Petitioner did not file an appeal.

On May 7, 2013, Petitioner, proceeding *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255. Petitioner alleged that his sentence was imposed in violation of the Constitution. Specifically, he claims that he was denied effective assistance of counsel when his attorney failed to investigate the merits of any asylum claim he might have had and failed to inform him that he would lose the right to asylum by pleading guilty. On August 13, 2013, the Court denied Petitioner's motion. Petitioner did not appeal.

### III. <u>STANDARD OF REVIEW</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge

the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found

Id. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of <u>Jones</u>, the crimes for which Petitioner was convicted all remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition. Moreover, Petitioner's argument that his conviction and sentence must be vacated in light of <u>Rosemond v. United States</u>, 134 S.Ct. 1240 (2014) and <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), is clearly misplaced.

In <u>Rosemond</u>, which involved a jury trial, the Court held that the Government establishes that a defendant aided and abetted a § 924(c) violation by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. <u>Rosemond</u> at 1245-1251. The Court concluded that the trial court's instructions were erroneous because they failed to require that Rosemond knew in advance that one of his cohorts would be armed in telling the jury to consider merely whether Rosemond "knew his cohort used a firearm" the court did not direct the jury to determine when Rosemont obtained the requisite knowledge – *i.e.*, to decide whether Rosemont knew about the gun in sufficient time to withdraw from the crime.

Petitioner maintains that he did not possess any firearm. He also alleges that he was unaware that his confederates brought firearms. Referencing <u>Rosemond</u>, Petitioner maintains that he was, at

the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; <u>see</u> <u>Jones</u>, 226 F.3d at 330.

best, a look-out with no knowledge that the other participants had brought guns to the scene. Therefore, Petitioner argues that he did not participate in the venture with full knowledge of the circumstances constituting the charged offense. Therefore, he maintains that the § 924(c) convictions that rest under 18 U.S.C. § 2, must be vacated because his conduct does not reach the definition of aiding and abetting. In effect, he is claiming that he is actually innocent. However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements, which he is unable to establish.

Moreover, although Petitioner argues that Rosemond is retroactive to cases on collateral review, his analysis is not supported by case law. In Rosemond, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal government," or is otherwise not "dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). Indeed, the Supreme Court was clear that its decision in Rosemond was dictated by established precedent. Rosemond, 134 S.Ct. At 1248-49. Furthermore, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. See Teague, 489 U.S. at 310-311. While there are two exceptions to Teague, Rosemond does not fall within either of them. See Martinez v. U.S., 2014 WL 3361748 (N.D. Tex.)(citing Schirro v. Summerlin, 542 U.S. 348, 351-52). Rosemond did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Id. at 352. Furthermore, the rule announced in Rosemond does not qualify as a quote watershed rule of criminal procedure, implicating the fundamental fairness and accuracy

of the criminal proceeding." Id. ( internal quotation marks and citations omitted). Finally, since the

Rosemond decision, the Supreme Court has not held that it applies retroactively, and no circuit court

has given at such effect. See Montana v. Cross, No. 14-cv-1019, 2014 WL 5091708, at *3 (S.D. Ill.

Oct. 10, 2014)(collecting cases). Accordingly, beyond the fact that Petitioner pleaded guilty, and

therefore no jury instructions were involved, Rosemond provides no basis for reversing Petitioner's

conviction.

Finally, to the extent Petitioner challenges his sentencing, the same is not appropriate relief

in a § 2241 action. Recently, the Fourth Circuit issued an opinion regarding the use of a § 2241

petition challenging a sentencing issue only. See United States v. Surratt, 2015 WL 4591677 (4th Cir.

July 21, 2005).[3] In the opinion, the Court emphasized that "Jones opened a narrow gateway to § 2241

relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief

only where the acts for which the defendant was convicted are not a crime." Id.*4  As the Fourth

---

[3]In 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Government then filed a timely information indicating that it would seek enhanced penalties based on Surratt's criminal history. Specifically, the Government's information identified four previous drug-related convictions, each in North Carolina. After his indictment, and despite the prospect of a life sentence, Surratt pleaded guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life imprisonment. Following Surratt's appeal and § 2255 motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive § 2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. § 2255(h). Surratt also moved in the district court to vacate his sentence under §§ 2241 and 2255, or for writ of coram nobis. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. More specifically, Surratt argued that he should not be subject to a mandatory life sentence. The Government did not oppose Surratt's § 2241 request. However, despite the parties' agreement, the district court denied Surratt's motion. Surrat v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in <u>Jones</u> deviates from that settled approach." <u>Id.</u> at *6 (internal citations omitted).

The decision in <u>Surratt</u>, is consistent with the Fourth Circuit's historical precedence that <u>Jones</u> "does not support the extension of the savings clause to petitioners who challenge only their sentences." <u>Petty v. O'Brien</u>, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[4]

Again, Petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Instead, he relies on <u>Alleyne</u>, in which a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the

_____

[4]In addition, it would appear that the Fourth Circuit has now addressed the issue it left open in <u>Whiteside v. United States</u>, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit.)

core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. By pleading guilty to Count Seven, Petitioner subjected himself to a mandatory minimum sentence of seven years and by pleading guilty to Count Eight, he subjected himself to a mandatory minimum of twenty-five yeas, consecutive to Count seven, or a total mandatory minimum of thirty-two years. The Court sentenced Petitioner to that precise mandatory minimum.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 26, 2015

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE