IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERMAN ESCOBAR-ZUNIGA,**

  **Petitioner,**

**v.**           **Civil Action No. 1:14cv124**
               **(Judge Keeley)**

**RUSSELL PURDUE, Warden,**

  **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]

On July 22, 2014, the pro se plaintiff, German Escobar-Zuniga ("Escobar-Zuniga"), an inmate at FCI Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dkt. no. 1), in which he challenges the validity of his conviction and sentence.

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On August 26, 2015, Magistrate Judge Kaull issued his R&R, in which he concluded that Escobar-Zuniga's § 2241 petition must fail because it could not satisfy the savings clause of § 2255, a prerequisite to collaterally attacking his conviction (dkt. no. 14). Nor could he use a § 2241 petition to attack a sentencing issue Id. at 7. The R&R recommended that the Court deny Escobar-Zuniga's petition with prejudice. Id. at 10.

The R&R also specifically warned Escobar-Zuniga that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 14]**

The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 14), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: November 28, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).